# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE BROWN<br>4508 North Mole Street<br>Philadelphia, PA 19140<br><br>        Plaintiff,<br><br>    v.<br><br>HENKELS & MCCOY<br>985 Jolly Road<br>Blue Bell, PA 19422<br><br>        Defendant. | CIVIL ACTION NO:<br><br>**COMPLAINT WITH JURY DEMAND** |

## CIVIL ACTION COMPLAINT

Plaintiff Andre Brown ("Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Henkels & McCoy ("Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Americans with Disabilities Act ("ADA") and the Pennsylvania Human Relations Act ("PHRA"). Defendant failed to accommodate Plaintiff. Furthermore, Defendant fired Plaintiff due to his disabilities, perceived disabilities, and/or because he had requested an accommodation. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

1

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA. This Court has supplemental jurisdiction over the related state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

6. Plaintiff has exhausted all administrative prerequisites to the filing of his ADA and PHRA claims. Plaintiff has filed this action within 90 days of his receipt of a "Right to Sue" notice from the EEOC, and after the 1-year anniversary of his EEOC Charge being dual filed with the PHRC.

**PARTIES**

7. The foregoing paragraphs are incorporated herein as if set forth in full.

8. Plaintiff is an adult individual, with an address as set forth in the caption.

9. Defendant is a business entity that does business in Pennsylvania at the above captioned address.

10. At all times relevant herein, Defendant acted through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

**FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein as if set forth in full.

12. Defendant hired Plaintiff in or around April 25, 2017, as a Laborer.

13. On or around April 27, 2017, Plaintiff suffered severe chest pain and shortness of breath while at work (hereinafter Plaintiff's "Medical Condition").

14. As a result of Plaintiff's chest pain and shortness of breath, Defendant's General Foreman Don Hines ("General Foreman Hines") allowed Plaintiff to leave work early.

15. Due to continued chest pain and shortness of breath Plaintiff sought treatment at Hahnemann Hospital emergency room on April 28, 2017.

16. Plaintiff was admitted into Hahnemann Hospital, and was required to remain there until May 5, 2017.

17. On the date of his hospitalization, and consistently thereafter, Plaintiff called General Foreman Don Hines and/or Secretary Diane (Last name known to Defendant), to advise them of his Medical Condition, and his need for leave from work related to same due to his hospitalization.

18. While at the hospital, Plaintiff's medical providers diagnosed Plaintiff with Arterial Plaque (hereinafter Plaintiff's "Disability").

19. Following his discharge from the hospital on May 5, 2017, Plaintiff's medical providers recommended he remain out of work until May 11, 2017, to recover from his disability, and provided him with a note stating same.

20. On or around May 8, 2017, provided General Foreman Hines with a copy of his physician's orders for same.

21. Plaintiff returned to work on May 11, 2017, as scheduled, without restriction.

22. On or around May 12, 2017, Defendant fired Plaintiff.

23. General Foreman Hines stated reason for firing Plaintiff was that he did not know how to finish concrete.

24. However, Defendant was aware that Plaintiff did not know how to finish concrete when they hired him.

25. Defendant's reason for firing Plaintiff was a pretext.

26. In actuality, Defendant fired Plaintiff due to his disability, and/or because he sought a reasonable accommodation for his disability in the form of a leave of absence, and/or in retaliation for same.

27. On or about June 26, 2017, Plaintiff timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC") alleging violations of the Americans with Disabilities Act ("ADA"), and the Pennsylvania Human Relations Act ("PHRA").

28. On or about May 24, 2019, after a full investigation of Plaintiff's claims, the EEOC issued a determination noting "the evidence obtained during the investigation establishes violations of the ADA."

29. As a result of the foregoing, Plaintiff has suffered damages.

## COUNT I
## Violation of the ADA
## (Disability Discrimination)

30. The foregoing paragraphs are incorporated herein as if set forth in full.

31. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the ADA.

32. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the ADA.

33. Plaintiff's Arterial Plaque Diagnosis rendered him an individual with a "Disability" within the meaning of the ADA.

34. Defendant fired Plaintiff because of his Disability.

35. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT II
### Violations of the ADA
### (Perceived Disability Discrimination)
### (plead in the alternative to Count I)

36. The foregoing paragraphs are incorporated herein as if set forth in full.

37. Defendant perceived Plaintiff to be suffering from a Disability.

38. Defendant fired Plaintiff because he perceived him as suffering from a Disability.

39. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT III
### Violation of the ADA
### (Retaliation)

40. The foregoing paragraphs are incorporated herein as if set forth in full.

41. Plaintiff requested a reasonable accommodation from work due to a Disability in the form of a short-term leave of absence to treat same.

42. Requesting and utilizing an accommodation for a disability is a protected activity under the ADA.

43. Defendant fired Plaintiff because Plaintiff requested and/or utilized the aforementioned accommodation.

44. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT IV
### Violation of the PHRA
### (Disability Discrimination)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. At all times relevant herein, Defendant is and continues to be an "employer" within the meaning of the PRHA.

47. At all times relevant herein, Plaintiff was employed by Defendant as an "employee" within the meaning of the PHRA.

48. Plaintiff's Arterial Plaque Diagnosis rendered him an individual with a "Disability" within the meaning of the PHRA.

49. Defendant fired Plaintiff because of his Disability.

50. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
## Violations of the PHRA
## (Perceived Disability Discrimination)
## (plead in the alternative to Count IV)

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. Defendant perceived Plaintiff to be suffering from a Disability.

53. Defendant fired Plaintiff because he perceived him as suffering from a Disability.

54. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT VI
## Violation of the PRHA
## (Retaliation)

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Plaintiff requested a reasonable accommodation from work due to a Disability in the form of a short-term leave of absence to treat same.

57. Requesting and utilizing an accommodation for a disability is a protected activity under the PHRA.

58. Defendant fired Plaintiff because Plaintiff requested and/or utilized the aforementioned accommodation.

59. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from maintaining its illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disability, need for an accommodation, and/or need for protected medical leave;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to lost past earnings and future lost earnings;

C. Plaintiff is to be awarded liquidated and/or punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law; and

F.   Plaintiff's claims are to receive a trial by jury.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

*s/ Manali Arora*
Manali Arora, Esq.
1101 North Kings Highway, Suite 402
Cherry Hill, NJ 08034
Tel: (856) 685-7420
Fax: (856) 685-7417

Dated: January 27, 2020